IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY SUE LEONARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 20-849 |
| | ) | |
| Kilolo Kijakazi,[1] | ) | |
| | ) | |
| Commissioner of Social Security | ) | |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

## **Synopsis**

Plaintiff Amy Sue Leonard ("Leonard") brought this action for review of the final

decision of the Commissioner of Social Security denying her claim for social security

benefits. Leonard contends that she became disabled on October 26, 2016. (R. 16).

She was represented by counsel at a hearing before an Administrative Law Judge

("ALJ") in April 2019. (R. 33-64). During the hearing both Leonard and a vocational

expert ("VE") testified.  Ultimately, the ALJ denied benefits. Leonard subsequently filed

a Request for Review with the Appeals Council.  The Appeals Council denied the

request and Leonard then filed this appeal. The parties have filed Cross-Motions for

Summary Judgment. See ECF Docket Nos. 13 and 15.

## **Opinion**

1. Standard of Review

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

2. The ALJ's Decision

At step one, the ALJ determined that Leonard had not engaged in substantial gainful activity since the alleged onset date other than in the second quarter of 2017. (R. 19). At step two, the ALJ found that Leonard suffered from the following severe impairments: migraine headaches / hemiplegic, cervical dystonia, generalized anxiety disorder ("GAD"), depressive disorder, schizoaffective disorder – depressive type, adjustment disorder, posttraumatic stress disorder ("PTSD"). (R. 19).  Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 19-21). The ALJ then found that Leonard had the residual functional capacity ("RFC") to perform medium work with certain restrictions. (R. 21-25). At the fourth step the ALJ concluded that Leonard was unable to perform any of her past relevant work. (R. 25-26). Ultimately, at the fifth step of the analysis, the ALJ determined that Leonard was capable of performing work in jobs existing in significant numbers in the national economy. (R. 26-27). Consequently, the ALJ denied benefits.

3. Discussion

(A) Medical Opinion Evidence

Leonard takes issue with the ALJ's consideration of the findings tendered by her treating physician, Dr. Brinkley. She contends, for instance, that Dr. Brinkley's opinion should have been accorded greater weight because he was a treating source. Leonard's argument is misplaced. She relies upon cases citing to regulations that no longer govern. For claims filed on or after March 27, 2017, such as Leonard's, regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[2] and consistency.[3] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the

---

[2] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support her or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[3] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(3); 416.920c(b)(3). Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above. *Id.* at §§404.1520c(b)(1); 416.920c(b)(1). Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources. *Id.* at §§404.1520c(d); 416.920c(d).

Simply stated, Leonard has not articulated how the ALJ failed to satisfy these new standards. After careful review, I find that the ALJ appropriately assessed the medical opinions in general, and Dr. Brinkley's medical opinion in particular, in light of these standards. Specifically, the ALJ explained that Dr. Brinkley's opinion was inconsistent with his own treatment notes which indicated that Leonard was doing better on Risperdal and that her orientation and memory were intact. (R. 24).[4] The ALJ also noted that Dr. Brinkley's opinion was inconsistent with Dr. Schwartz's opinion and that Dr. Brinkley lacked "program knowledge." (R. 24). I also reject Leonard's suggestion that, having recognized schizoaffective disorder as a "severe impairment" at the second step of the analysis based upon Dr. Brinkley's opinion, the ALJ erred in discounting this

---

[4] It should be noted that Dr. Brinkley remarked that Leonard was using Klonopin "excessively" and in contravention of the prescriptions. (R. 606). Dr. Brinkley advised Leonard that such overuse "may be increasing her anxiety…." (R. 606).

opinion at later stages of the analysis. The evaluation at the second step of the analysis

is a "*de minimus* screening device to dispose of groundless claims." *McCrea v. Comm'r.*

*of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). Moreover, contrary to Leonard's

assertions, the ALJ did consider the fact that Dr. Schwartz had a limited record available

for review. (R. 25). The ALJ also noted that Dr. Schwartz's opinion[5] was consistent with

both the record and with the opinion proffered by Dr. Singh. (R. 25). In short, I find that

the ALJ complied with the new regulations regarding the evaluation of medical opinion

evidence and that his conclusions are supported by substantial evidence of record.

Further, to the extent that Leonard's challenges to the ALJ's findings regarding her

residual functional capacity were founded upon the alleged errors regarding the

assessment of these medical opinions, those challenges lack merit.

(B) Subjective Complaints of Pain

        Leonard also faults the ALJ for failing to give appropriate weight to her

complaints of pain. An ALJ must follow a two-step process when assessing pain: first,

he must determine whether there is a medical impairment that could reasonably be

expected to produce the claimant's pain or other symptoms; and, second, he must

evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to

determine the extent to which they limit the claimant's functioning. Pain alone does not

establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). Allegations of pain must be

consistent with objective medical evidence and the ALJ must explain the reasons for

rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121

---

[5] Leonard took issue with the ALJ's failure to include Dr. Schwartz's restrictions regarding "marked
limitations" in dealing with the public when formulating hypotheticals posed to the vocational expert. Even
assuming, for the sake of argument only, that the ALJ erred in this regard, such error was harmless given
that the vocational expert identified two jobs that did not require contact with the public. (R. 55).

(3d Cir. 2000). In evaluating a claimant's statements regarding pain, the ALJ will consider evidence from treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529, 416.929. I must defer to the ALJ's determinations unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 031, 95 S.Ct. 1133 (1975).

Here, the ALJ specifically stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 21) Moreover, the ALJ followed the proper method in assessing Leonard's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Leonard's pain or other symptoms, then the ALJ evaluated the intensity, persistence and limiting effects of those symptoms. (R. 21-25)  The ALJ comprehensively detailed Leonard's medical history. He properly compared the medical evidence and other evidence of record, including activities of daily living, the intensity of pain, factors that precipitate and aggravate the symptoms, the effectiveness of medication, and treatment other than medication, and found them not to be entirely consistent.[6] He referenced her limited and conservative treatment with medication for

---

[6] Leonard alleges that the ALJ ignored the reported side effects of her medicine. But Leonard herself denied any such side effects in function reports, other than "sleepiness" in reference to temazepam –

her migraine headaches / hemiplegic and cervical dystonia. (R. 23) He detailed

Leonard's outpatient therapy with medication and generally normal mental status

examinations with respect to her GAD, depressive disorder, schizoaffective disorder –

depressive type, adjustment disorder and PTSD. (R. 23) There can be no suggestion

that he ignored or discounted Leonard's complaints of pain. In short, I find that the ALJ's

findings are supported by substantial evidence of record.

In short, I find that the ALJ's findings regarding the assessment of medical

opinions, Leonard's subjective complaints of pain, and the formulation of the RFC are

supported by substantial evidence of record. Consequently, there is no basis for

remand.

---

which is taken for insomnia. (R. 334, 336). Significantly, she does not report any side effects with respect to the medications Dr. Brinkley prescribed her.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY SUE LEONARD )
      Plaintiff, )
)
  -vs- )         Civil Action No. 20-849
)
KILO KIJAKAZI, )
)
Commissioner of Social Security, Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 16th day of July, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 13) is DENIED and the Motion for Summary Judgment (Docket No. 15) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge